**EXHIBIT A**

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OFFICER NAVIN SHARMA,

              Plaintiff,

    v.

CITY OF VANCOUVER, a Washington
municipal corporation, VANCOUVER CITY
MANAGER PATRICK J. MCDONNELL, and
ACTING POLICE CHIEF MITCH BARKER,

              Defendants.

No.

COMPLAINT

**JURY TRIAL REQUESTED**

## NATURE OF THE ACTION

1.     This is an action for damages for various violations of 42 U.S.C. §§ 1981 and 1983. PLAINTIFF NAVIN K. SHARMA ("OFFICER SHARMA") requests equitable relief, monetary damages, and other appropriate relief to Plaintiff, a former City of Vancouver employee who was subjected to adverse employment actions, including discriminatory and retaliatory conduct, because of his race. Defendants have continued to retaliate against Plaintiff post-termination. Plaintiff seeks monetary and injunctive relief, including economic, non-economic, and punitive damages, to the fullest extent allowed by law.

COMPLAINT
Page 1

THE BLANKENSHIP LAW FIRM, P.S
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

LAW OFFICES OF
GREGORY D. FERGUSON, P.C.
1104 Main Street, Suite 216
Vancouver, Washington 98660
(360) 906-1167

## JURISDICTION AND VENUE

2.    Jurisdiction is proper under 28 U.S.C. 1343 and 28 U.S.C. 1331.  Venue is proper under 28 U.S.C. 1391.

## PARTIES

3.    Plaintiff SHARMA was employed as a police officer in the Vancouver Police Department ("VPD") from March 1997 to September 2006 by Defendant CITY OF VANCOUVER, and is of East Indian Race and is not Caucasian.

4.    Defendant CITY OF VANCOUVER ("CITY") is a Washington State municipal corporation, responsible for supervision, oversight and administration of its offices, departments, department managers, and personnel, including those of the City Attorney's Office and the Vancouver Police Department (hereinafter the "City").

5.    Defendant PATRICK J. MCDONNELL ("MCDONNELL"), as Manager for the CITY, serves as the CITY's chief executive officer, and in such capacity at all material times hereto exercised express or *de facto* final decision-making authority over, and ratification of, personnel actions toward CITY employees, including disciplinary action and termination.  All acts or omissions taken by MCDONNELL constitute those of Defendant CITY, and were taken with deliberate indifference to Plaintiff's rights.

6.    Defendant MCDONNELL, in his personal capacity, is a citizen of the United States of America subject to the jurisdiction of District Court of the United States and as such is liable for any personal conduct violating federal law.  The acts or omissions of Defendant MCDONNELL at all material times were exercised under color of state law and with deliberate indifference to Plaintiff's rights.

7.    Defendant CITY employee MITCH BARKER ("BARKER") as Acting Chief of Police is the chief administrative officer and the general manager of the Defendant CITY'S Police Department.  In that capacity BARKER exercises final policy-making authority over and the ratification of disciplinary actions, including termination, relating to Vancouver police officers.  All

COMPLAINT
Page 2

THE BLANKENSHIP LAW FIRM, P.S
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

LAW OFFICES OF
GREGORY D. FERGUSON, P.C.
1104 Main Street, Suite 216
Vancouver, Washington 98660
(360) 906-1167

acts or omissions taken by BARKER constitute those of Defendant CITY, and were taken with deliberate indifference to Plaintiff's rights.

8.    Defendant BARKER, in his personal capacity, is a citizen of the United States of America subject to the jurisdiction of District Court of the United States and as such is liable for any personal conduct violating federal law.  The acts or omissions of Defendant BARKER at all material times exercised such acts under color of state law and with deliberate indifference to Plaintiff's rights.

## FACTS

9.    The preceding paragraphs 1 through 11 are re-alleged and hereby incorporated by reference.

10.    During Plaintiff employment, OFFICER SHARMA job duties included patrolling and making DUI (Driving Under the Influence) arrests.  OFFICER SHARMA also served as Team Leader for the City's SWAT-Tactical EMS (TEMS) Unit that he developed largely at his personal expense for the benefit of the City and its citizens, and allowed the city to provide advanced life-support medical intervention, and critical medical aid in emergency situations involving the SWAT team.  OFFICER SHARMA received state and national recognition for his efforts.

11.    While employed with the CITY, OFFICER SHARMA had a working relationship with Defendant City Attorney's office that required discussion of confidential law enforcement information unknown to the public subject to the attorney-client and/or work product privilege under Washington law.  Such information included, among other things, CITY legal strategy and approved methods of Electronic Police Report (EPR) preparation (a change in the prior manual reporting system where the information was entered by hand).

12.    Between July 1998 and September 2000, Clark County (County) dispatch center employees subjected OFFICER SHARMA to discriminatory conduct that involving overt racial taunting and slurs that included patrol officers calling in to the Clark Regional Call Center ("CRCA") 911 emergency line using mocking and degrading East Indian accents, belittling Plaintiff as a non-white, the recording of which was later dubbed the "Kick the Dog" tape, a tape that was played while

COMPLAINT
Page 3

THE BLANKENSHIP LAW FIRM, P.S
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

LAW OFFICES OF
GREGORY D. FERGUSON, P.C.
1104 Main Street, Suite 216
Vancouver, Washington 98660
(360) 906-1167

7

OFFICER SHARMA was responding to a critical 911 call for service; simultaneously these dispatchers failed to provide OFFICER SHARMA with necessary police support and backup.

13.    OFFICER SHARMA was subjected to retaliation by the CITY as a consequence of filing administrative charges against the County and the CITY with the Equal Employment Opportunity Commission (EEOC) citing discrimination and retaliation on the basis of his race and national origin.

14.    All claims against the CITY were settled on or about March 6, 2001 and the terms were memorialized in a written agreement (Settlement) bearing the signature of Defendant MCDONNEL.   The Settlement directed that in exchange for Plaintiff's remaining employed with the CITY and the CITY'S payment of $287,000.00, Plaintiff released all legal claims including claims for discrimination and retaliation on the basis of his race and national origin, including any claims supported by or relating to the racially motivated 911 "Kick the Dog" tape.

15.    The Settlement also provided that, should Plaintiff decide to voluntarily resign from employment at any time during the 48 months following the Settlement, he would be guaranteed another payment of $100,000 and be eligible for an additional $100,000.00 beyond that.  These payments required him to quit, and quitting was a condition to receive these funds.

16.    Rather than tender his resignation during the 48-month period following the Settlement and simply take the money, OFFICER SHARMA, motivated by his ongoing work in the TEMS Unit, elected to continue working for the City. Nonetheless, during the 48 month period, the discrimination continued including a statement by a management level City employee who referred to Plaintiff as the "sand-nigger who won the lawsuit against the City," and another official who referred to him as "fucking Sharmageddon."

17.    Between 2002 and 2005, Lead City Attorney in charge of the Criminal Division, Josephine Townsend (Townsend), under the direct supervision of Defendant MCDONNELL and the City Attorney, directed and assisted Plaintiff in developing a standardized "template" as a model for his DUI arrest reports.  Townsend reviewed, approved, and mandated the use of a standardized DUI

COMPLAINT
Page 4

THE BLANKENSHIP LAW FIRM, P.S
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

LAW OFFICES OF
GREGORY D. FERGUSON, P.C.
1104 Main Street, Suite 216
Vancouver, Washington 98660
(360) 906-1167



template. She further provided positive feed back regarding the use of repetitive standardized language in Plaintiff's DUI arrest reports.

18.    On a number of occasions, Plaintiff initiated a self-audit of his EPR reports by requesting that they be reviewed by a number of City Attorneys, including his supervisors, who found them to be exceptional in both form and content.

19.    In February of 2005, Josephine Townsend separated employment with the CITY under the specific terms and conditions set forth in a written "Separation Agreement" executed by Defendant MCDONNELL that authorized the CITY to pay Townsend separation benefits and other consideration totaling $28,759.15.

20.    As a condition of receipt of said settlement monies, Townsend promised not to "discuss or disclose Confidential Information obtained during the course of her employment with the City, or as a result of her employment with the City." Townsend further promised not to use CITY Confidential Information, including any information "which would be subject to the attorney-client and/or work product privilege under Washington law," for any "personal or business purpose, either for her own benefit or that of any other person or entity."

21.    In 2005 Townsend began private practice in Vancouver, Washington representing, among others, indigent and non-indigent criminal defendants, including persons charged with DUI.

22.    Despite her former relationship and promises to the CITY, and directives to OFFICER SHARMA mandating his use of a standardized DUI template, Townsend nonetheless began utilizing CITY confidential information to the benefit of her criminal clients, asserting that the repetitive template language that she previously mandated that the OFFICER SHARMA use for her former client the CITY, rendered his DUI reports as to her new clients the alleged drunk drivers, as legally deficient.

23.    Townsend notified the CITY of her intent to conduct broad discovery on behalf of her criminal clients to "expose" OFFICER SHARMA's use of the DUI template to the advantage of her clients, and in February 2006 Townsend sought aid and assistance from attorneys (her former

COMPLAINT
Page 5

THE BLANKENSHIP LAW FIRM, P.S
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

LAW OFFICES OF
GREGORY D. FERGUSON, P.C.
1104 Main Street, Suite 216
Vancouver, Washington 98660
(360) 906-1167

subordinates) employed by her former employer the City Attorney's Office, who acting under supervision of Defendant MCDONNELL, set into motion a formal internal affairs investigation ("IA investigation") as means of "pay back" for OFFICER SHARMA's earlier discrimination charges, and settlement with the CITY. OFFICER SHARMA was put on administrative leave, on or about March 30th, 2006.

24.    Townsend's actions violated her settlement agreement with the CITY as well as select Rules of Professional Conduct (RPCs) applicable to former attorneys for the government and to practicing attorneys in Washington State.  Townsend's actions were taken with full knowledge of OFFICER SHARMA's prior discrimination claims asserted against the CITY and with knowledge of the lingering animosity held by Defendant MCDONNELL and the CITY toward OFFICER SHARMA in connection with his prior discrimination charges and subsequent settlement.

25.    At no time did the CITY or Defendant MCDONNELL caution Townsend or remind her of her ethical and contractual duties to the CITY, or otherwise take steps to seek enforcement of the specific covenants and promises expressly set forth in her settlement agreement with the CITY, or to seek repayment of the monies paid to her under the settlement agreement she breached.

26.    Defendant MCDONNELL took such acts and omissions because of OFFICER SHARMA's race, in retaliation for OFFICER SHARMA's earlier discrimination and retaliation charges, and for OFFICER SHARMA's refusal to resign in accordance with the Settlement as the CITY had desired.

27.    During the course of the IA of Plaintiff, Defendant ACTING POLICE CHIEF BARKER was informed that the investigation had revealed nothing substantial that would justify formal discipline against Plaintiff.  Nonetheless, during an April 2006 Vancouver Police Department Command Staff meeting, Defendant ACTING POLICE CHIEF BARKER announced that in his mind there were still "honesty issues" concerning OFFICER SHARMA's ability to act as a police officer.

28.    Thereafter, with deliberate indifference to Plaintiff's rights, ACTING POLICE CHIEF BARKER directed the IA investigator to keep the IA open until such time as something worthy of

COMPLAINT
Page 6

THE BLANKENSHIP LAW FIRM, P.S
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

LAW OFFICES OF
GREGORY D. FERGUSON, P.C.
1104 Main Street, Suite 216
Vancouver, Washington 98660
(360) 906-1167

10

discipline could be found. At the direction of Defendant CITY and Defendant MCDONNELL, BARKER deliberately chose to disregard the investigator's then current findings and recommendation from several in the Command Staff that OFFICER SHARMA be brought back from Administrative Leave and placed under their respective divisions until the IA was complete.

29.    Upon information and belief, in advance of the completion of the IA and well in advance of OFFICER SHARMA's discharge, Defendant MCDONNELL instructed or authorized CITY attorneys to confirm with Defendant BARKER, as well as notify attorneys for the County, that Plaintiff had been deemed unfit to testify in criminal proceedings. Thereafter, letters containing a similar message were sent to members of the local criminal defense bar.

30.    Defendant MCDONNELL'S conduct constituted a malicious and deliberate course of action, carried out with knowledge that such acts would irreparably damage Plaintiff and violate his rights.

31.    On September 21, 2006, Defendants terminated Plaintiff's employment in a discriminatorily and retaliatory fashion in violation of his constitutional and other federal rights. In the separation paperwork, Defendants represented that OFFICER SHARMA's conduct had risen to the level of intentional criminal conduct when he, in fact, knew that it had not.

32.    On October 26, 2006, Defendants authorized CITY attorneys to send a written recommendation that the Clark County Prosecutor pursue filing of criminal charges against OFFICER SHARMA.

33.    The actions of Defendants, in prompting referral of the case for prosecution without having even a shred of evidence showing criminal conduct or criminal intent by OFFICER SHARMA, and while having knowledge of Townsend's acts, errors and omissions. These acts constituted a malicious and deliberate course of action, carried out with knowledge that such acts would irreparably damage Plaintiff and violate his Constitutional and other federal rights, and served as a further ratification of said acts by the CITY.

COMPLAINT
Page 7

THE BLANKENSHIP LAW FIRM, P.S
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

LAW OFFICES OF
GREGORY D. FERGUSON, P.C.
1104 Main Street, Suite 216
Vancouver, Washington 98660
(360) 906-1167

## CAUSES OF ACTION

### 42 U.S.C. § 1981

34.   Plaintiff hereby re-alleges and incorporates by reference preceding Paragraphs 1 through 33.

35.   Plaintiff SHARMA as a police officer for the City of Vancouver Police Department had an expectation of continued employment, as well as an expectation to enjoy all the benefits, privileges, terms and conditions of such continued employment.

36.   Defendant CITY'S discriminatory retaliation towards Plaintiff because of his race was the moving force behind, and the motivating factor for, Plaintiff's termination from employment. Such termination proximately caused impairment of Plaintiff's right to, as guaranteed by 42 U.S.C. § 1981, enjoy the benefits, privileges, terms and conditions of that employment.

37.   Defendants, MCDONNELL and BARKER willfully discriminated and otherwise retaliated against Plaintiff Sharma because of his race.

38.   Defendants MCDONNELL and BARKER'S acts directly impaired Plaintiff's right to, as guaranteed by 42 U.S.C. § 1981, to enjoy all benefits, privileges, terms and conditions of Plaintiff's employment relationship with the City.

### 42 U.S.C § 1983 / U.S. Constitution, Amend. XIV

39.   Plaintiff hereby re-alleges and incorporates by reference preceding Paragraphs 1 through 38.

40.   Defendant CITY, in concert with MCDONNELL and BARKER, acted with deliberate indifference and discriminatory racial animus to deprive Plaintiff of equal protection, as well as Plaintiff's property and liberty interests. By conspiring to cause deprivation of Plaintiff's rights, and then by carrying out a deliberate course of action, the CITY acted as the moving force behind such deprivation.

41.   Defendant CITY with deliberate indifference and discriminatory racial animus acted to deprive Plaintiff of equal protection of the laws, when Defendant CITY, through its employees, City

COMPLAINT
Page 8

THE BLANKENSHIP LAW FIRM, P.S
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

LAW OFFICES OF
GREGORY D. FERGUSON, P.C.
1104 Main Street, Suite 216
Vancouver, Washington 98660
(360) 906-1167

12

Manager MCDONNELL and Acting Chief BARKER, maliciously orchestrated conducted an internal investigation of the charges made against Plaintiff, the outcome of which was pre-determined.

42.    Defendant CITY with deliberate indifference and discriminatory racial animus acted to deprive Plaintiff of his property interest in continued employment.

43.    Defendant CITY with deliberate indifference and discriminatory racial animus acted to deprive Plaintiff of his liberty interest by, concurrently with Plaintiff's termination from employment, disclosing false and misleading information that seriously damaged Plaintiff's professional standing and associations in the community.  Plaintiff disputed and still disputes the nature and characterization of such charges, which have stigmatized Plaintiff and jeopardized other employment opportunities.

44.    Defendant CITY employees acting in their personal capacity, under color of state law, conspired to deprive Plaintiff of his right to equal protection under the laws, as well as his right to property and liberty.

45.    Defendant CITY employees MCDONNELL and BARKER, acting in their official capacities with final policy-making authority, knowingly delegated and/or ratified the acts that their subordinates took in concert with Townsend between February and September 2006.  Such ratification further manifested itself in the form of BARKER and MCDONNELL approval of both the propriety of an internal investigation against Plaintiff as well as the reported conclusions of that investigation, where those conclusions resulted in Plaintiff's termination from employment.

46.    Defendant CITY employees MCDONNELL and BARKER ratified the aforementioned acts with the reasonably known or obvious consequence that their actions would cause the deprivation of Plaintiff's constitutional rights because of his race, and served as the final moving force behind the deprivation of such rights.

47.    Defendants MCDONNELL and BARKER in their personal capacities acted under color of state law to ratify the decisions depriving Plaintiff of his right to equal protection under the laws, as well as Plaintiff's right to property and liberty.  Defendant BARKER'S ratification was made

COMPLAINT
Page 9

THE BLANKENSHIP LAW FIRM, P.S
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

LAW OFFICES OF
GREGORY D. FERGUSON, P.C.
1104 Main Street, Suite 216
Vancouver, Washington 98660
(360) 906-1167

with the affirmative, conscious choice to approve of the acts and omissions of the other individual Defendant, as well as the basis for those acts and omissions.

## RESERVATION OF RIGHTS

48.    Plaintiff SHARMA hereby expressly reserves the right to amend his Complaint to add other claims including those set forth Under Title VII in 42 U.S.C. 2000e *et seq.* after such time as any procedural requirements of those claims are met.  Plaintiff also intends to file with the office of risk management as required by RCW 4.96.020 prior to filing state claims, and hereby puts Defendants on notice that he will be adding claims under RCW 49.60 et seq. after the required sixty day waiting period has elapsed.

49.    Similarly, Plaintiff reserves the right to amend his Complaint to add other parties and claims.

## DAMAGES

50.    Defendants' conduct as described above has caused Plaintiff to suffer damages including but not limited to the following:

a.    Lost back pay, wages and benefits, with prejudgment interest thereon in amounts to be established at trial;

b.    Lost front pay, future wages, and benefits, in amounts to be established at trial;

c.    Other consequential damages, such as medical expenses, litigation costs and attorney's fees, in amounts to be established at trial; and

d.    Emotional distress and anxiety, and damage to professional reputation, in amounts to be established at trial.

51.    Plaintiff also requests punitive, exemplary, and liquidated damages to the fullest extent allowed by law, and damages for the tax consequences of the award.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court enter judgment against Defendants, as follows:

COMPLAINT
Page 10

THE BLANKENSHIP LAW FIRM, P.S
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

LAW OFFICES OF
GREGORY D. FERGUSON, P.C.
1104 Main Street, Suite 216
Vancouver, Washington 98660
(360) 906-1167

14

A.    Injunctive relief barring any and all post-termination retaliation, to include enjoining Defendant CITY and its employees from encouraging criminal prosecution of Plaintiff, and to further enjoin actual or threatened criminal charges or proceedings against Plaintiff pending final disposition of this case;

B.    Award Plaintiff special damages for lost back pay and front pay, lost wages and benefits, and medical expenses, in an amount to be established at trial;

C.    Award Plaintiff compensatory damages for emotional distress and anxiety, damage to professional reputation, pain and suffering, and other non-pecuniary losses, in an amount to be established at trial;

D.    Award Plaintiff punitive damages, in an amount to be established at trial;

E.    Award Plaintiff reasonable costs and attorney's fees as allowed pursuant to 42 U.S.C. 1988;

F.    Award Plaintiff other damages including prejudgment interest, in an amount to be established at trial;

G.    Award damages to justly compensate Plaintiff for the tax consequences of the award; and

H.    Award Plaintiff any additional or further relief that this Court finds just and equitable under the circumstances.

DATED this 22nd day of November, 2006.

LAW OFFICES OF GREGORY D. FERGUSON, P.C.

THE BLANKENSHIP LAW FIRM, P.S.

By:_____/s/_____
Gregory D. Ferguson, WSBA No. 21866
greg@greg-ferguson.com
Chey K. Powelson, WSBA No. 34593
cpowelson@greg-ferguson.com

Attorneys for Plaintiff

By:_____/s/_____
Scott C. G. Blankenship, WSBA No. 21431
sblankenship@blankenshiplawfirm.com
Garrett R. Ferencz, WSBA No. 32883
gferencz@blankenshiplawfirm.com

Attorneys for Plaintiff

THE BLANKENSHIP LAW FIRM, P.S
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

LAW OFFICES OF
GREGORY D. FERGUSON, P.C.
1104 Main Street, Suite 216
Vancouver, Washington 98660
(360) 906-1167

ak220701