**EXHIBIT B**

16

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700
FAX: 206-343-2704

**LAW OFFICES OF**
**GREGORY D. FERGUSON, PC**
1104 Main St., Suite 216
Vancouver, WA 98660
(360) 906-1167
FAX: (360) 695-5800

## NOTICE OF TORT CLAIM

January 22, 2007                    *Via Fax & Hand Delivery*

Tim Haldeman
Risk Manager
City of Vancouver
Esther Short Building
610 Esther St.
Vancouver, WA 98660

Re:     Navin Sharma/City of Vancouver, et al.

Dear Mr. Haldeman:

Pursuant to RCW 4.96.020, this letter shall serve as notice to the City of Vancouver ("City") that Officer Navin Sharma is asserting claims for damages under Washington state law based upon tortious conduct by the City and certain City employees.[1] Officer Sharma gives the City formal notice of his intent to file suit, and in doing so, allows an opportunity for the City to investigate and resolve all future state law claims that may be brought against it and its officials in advance of the state law claims being joined with Claimants' federal civil rights lawsuit.[2]

---

[1] The purpose of RCW 4.96.020(4) is to establish a period of time for government defendants to investigate state law claims that may be filed against it (or its officials) and settle those claims where possible. *Troxell v. Rainier Pub. Sch. Dist.*, 154 Wn.2d 345, 351 (Wash. 2005).

[2] State claim filing statues do not apply to federal civil rights laws as they have been held to violate the Supremacy Cause. See *Felder v. Casey*, 487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988)(holding state claims filing statute should not be applied to federal civil rights claims under 42 U.S.C. § 1983). See also, *Sutherland v. Kitsap County*, 2006 U.S. Dist. LEXIS 44098 (D. Wash. 2006). Further, a state placing conditions on a litigant's right to seek immediate relief in federal court undermines the intent behind civil

1104 Main Street, Suite 216 – Vancouver WA 98660
Tel: 360.906.1167 / Fax: 360.695.5800
Email: greg@greg-ferguson.com
greg@greg-ferguson.com
Web: www.greg-ferguson.com

## I. LEGAL CLAIMS

Navin Sharma was subjected to discrimination and terminated in violation of RCW 49.60 *et seq,* Washington's Law Against Discrimination (WLAD), on the basis of his race, national origin and opposition to unlawful and discriminatory employment practices. Further, he suffered discrimination and retaliation from certain City employees identified herein who have aided, abetted or incited unlawful discrimination also in violation of the WLAD. The unlawful actions continued post-termination.

Those same employees, acting both alone or in concert with others, likely caused Claimant Sharma to suffer one or more of the following the torts recognized under state law: defamation, false light, civil conspiracy, and/or violation of the anti-blacklisting statute, RCW 49.44.010.

The unlawful conduct was carried out by, or with the knowing consent of City Manager Patrick J. McDonnell, Acting Police Chief Mitch Barker, City Attorney Ted Gathe, and City Civil Department deputy attorneys Terry Weiner and Debra Quinn, and VPD employee Commander Nannette Kistler.

## II. CURRENT RESIDENCE

Claimant Sharma's current residence and his residence for the six (6) months prior to his claims arising is 7307 SW 4th Avenue, Portland, OR 97219-2223.

## III. FACTUAL HISTORY

Officer Sharma was employed with the Vancouver Police Department (VPD) from March 1997 to September 2006 and is of East Indian race. His job duties for the VPD included patrolling and making DUI (Driving Under the Influence) arrests. Officer Sharma also served as Team Leader for the City's SWAT-Tactical EMS (TEMS) Unit that developed largely at his personal expense for the benefit of the City and its citizens. He received state and national recognition for his efforts.

Between July 1998 and September 2000, Clark County (County) dispatch center employees subjected Officer Sharma to discriminatory conduct involving overt racial

---

rights laws enacted by Congress in response to the widespread deprivations of civil rights and "the inability or unwillingness of state authorities to protect those rights or punish wrongdoers". *Patsy v. Board of Regents of Florida*, 457 U.S. 496 (1982).

taunting and slurs that included patrol officers calling in to the Clark Regional Call Center ("CRCA") with mocking and degrading East Indian accents, belittling Officer Sharma as a non-white. The recording, later dubbed the "Kick the Dog" tape, was played while Officer Sharma was responding to a critical 911 call for service; simultaneously the 911 dispatchers failed to provide Officer Sharma with necessary police support and backup.

Officer Sharma was subjected to retaliation by the City as a consequence of filing administrative charges against the County and the City with the Equal Employment Opportunity Commission (EEOC) citing discrimination and retaliation on the basis of his race and national origin. City Manager, Patrick McDonnell, and Vancouver City Civil Division attorneys Debra Quinn and Terry Weiner actively participated in the City's defense and ultimately negotiated settlement of the claims for $287,000 (the "Settlement").[3]

The Settlement also provided that Officer Sharma could voluntarily exercise a "walk-away" clause and resign from employment at any time during the 48 months (4 years) following the Settlement. He could then automatically collect an additional $100,000.00 and be eligible for an additional $100,000.00 beyond that. Despite experiencing continuing harassment, discrimination and racial comments from City personnel, he refused to exercise the "walk-away" provision, and in early 2005 gave up the additional $200,000.[4]

Between 2002 and 2005 one or more City attorneys employed with the Criminal Division, acting under the supervision of City Manager McDonnell and City Attorney Ted Gathe, instructed Officer Sharma to use a standardized "template" as a model for his DUI arrest reports. Officer Sharma initiated self-audits of his electronic police reports (EPR's) and had them reviewed by a number of City Attorneys, including his supervisors, who found them to be exceptional in both form and content.

In early 2006 Sharma was the subject of a contrived "complaint" originating from a former City criminal attorney that had been previously terminated from City's employ alleging that Sharma was improperly using a template for his DUI reports and was recycling the template language. In response to the "complaint", City attorneys from the Civil Division - acting under supervision of the City Attorney and City Manager - became the driving force behind a formal internal affairs investigation ("IA

---

[3] Officer Sharma learned that the City was willing to pay $750,000.00 to settle his discrimination claims if he agreed to voluntarily resign and waive all future right to future employment with the City. Officer Sharma declined the $750,000 and refused to walk away from his employment with the City.

[4] Sharma continued to report racial harassment during the years following the Settlement but refused to quit.

19

investigation") over Sharma's use of the DUI template, as retribution for Sharma's past discrimination charges against the City and refusal to resign as a part of the Settlement.

In advance of the IA being completed and prior to Officer Sharma's discharge, City Civil Department attorneys assisted in maliciously notifying attorneys for the County that Officer Sharma's use of the DUI template and typographical errors in his DUI reports rendered him legally unfit to testify honestly in criminal proceedings. Thereafter, letters containing a similar disparaging message were sent to members of the local criminal defense bar destroying Officer Sharma's reputation and ability to ever secure future employment as a peace officer.

On September 21, 2006, Officer Sharma was terminated from employment allegedly for his use of the DUI template and typographical errors in his DUI reports. The reasons relied upon were a pretext for unlawful discrimination.

Because the retaliation against him was overtly aggressive and designed to discredit him publicly and in advancement of possible criminal prosecution, Officer Sharma exercised his right to seek immediate relief in federal court under 42 USC § 1981 and § 1983 for civil rights violations and for injunctive relief to enjoin any further post-termination retaliation.

The federal claims were, by virtue of the Supremacy Clause of the United States Constitution, exempt from any state pre-filing tort claim notice procedures. *Felder v. Casey*, 487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988); *Sutherland v. Kitsap County*, 2006 U.S. Dist. LEXIS 44098 (D. Wash. 2006).

## IV. DAMAGES

Claimant Sharma understands that he is required to state an amount of damages that he has suffered and that he may be entitled to claim in connection with his state law claims.[5] Officer Sharma has suffered economic and non-economic damages consisting of, but not limited to, lost wages past and future, emotional upset, physical injury, and damages to his reputation. However, in the end, a citizen jury determines compensatory damages with review by the superior appellate courts, pursuant to the fundamental rights mandated by Washington state statutes.

Exactly what a citizen jury would determine is fair and just in a case like this will not be known until that jury has heard all of the evidence. Much of that evidence is not yet

---

[5] Officer Sharma will seek additional compensatory damages for injury to his reputation as a consequence of any future post-termination retaliation without need of amending this Notice.

20

known and remains within the files of the City of Vancouver and the City Attorney's Office. Without a full disclosure of the facts, Officer Sharma is left with estimating the possible range of compensatory damages under his state law claims based upon awards in other cases.[6]

Similar cases alleging race and national origin discrimination and retaliation involve both federal civil rights and state law claims. With that in mind, Claimant offers the following verdicts and settlements as guidance:

1.      ***Zhang v. American Gem Seafoods, Inc.,*** 339 F.3d 1020 (9th Cir. 2003) cert. denied, 541 U.S. 902, 124 S. Ct. 1602, 158 L. Ed. 2d 244 (2004) - plaintiff verdict of $3,132,000 for race discrimination under 42 U.S.C. § 1981 and wrongful withholding of wages under RCW 49.52 (unanimous jury verdict of $446,000 in compensatory damages, $86,000 for wrongful withholding of wages, $2,600,000 in punitive damages). Judgment was amended to include $289,284 in attorney's fees, $35,979 in costs, and $26,830 in prejudgment interest, for a total judgment of $3,484,094. The Blankenship Law Firm represented the plaintiff in that action. The Ninth Circuit upheld these awards on all grounds, and the U.S. Supreme Court denied review, Defendants ultimately paid $3,963,033 to Mr. Zhang, and his attorneys. .

3.      ***Bains v. Arco Products Co.,*** 220 F.Supp.2d 1193 - plaintiff jury verdict of $1 in nominal damages and $5,000,000 in punitive damages for race discrimination.

4.      ***Swinton v. Potomac Corp.,*** - plaintiff jury verdict totaling $1,035,612 ($35,612 in compensatory damages, $1,000,000 in punitive damages. The Ninth Circuit found racial jokes sufficiently reprehensible to justify one million dollars in punitive damages, and the Supreme Court denied cert. *Id.* 270 F.3d 794, 817-20 (9th Cir. 2001), *cert. denied* 122 S.Ct. 1609, 152 L.Ed.2d 623 (2002).

5.      ***Bunch v. King County Department of Youth Services,*** 155 Wn.2d 165 (Wash. 2005) – plaintiff jury verdict of $603,500 for race discrimination in violation of WLAD ($3,500 in lost past wages and fringe benefits, $ 340,000 in lost future wages, $260,000 in non-economic damages), with attorney's fees Defendant paid close to 1 million dollars.

---

[6] The City Council at one time authorized the City Manager and City Attorney to settle Claimant's prior discrimination charge for $750,000 after an evaluation by an outside law firm specializing in the defense of employment discrimination cases. The firm looked at jury verdicts for other comparable claims and utilized a multi-factor scoring system to evaluate Officer Sharma's case. It is reasonable to believe that Officer Sharma's damages meet or exceed the amount previously recommended, exclusive of attorneys' fees and costs of suit.

2 1

Mr. Tim Haldeman
Risk Manager
City of Vancouver
RE: Navin Sharma - **Notice of Tort Claim**
January 22, 2007 - Page 6

Please direct all further communications concerning Officer Sharma and any proposed resolution of the state law claims outlined in this Notice jointly through the Law Offices listed below.

Respectfully submitted,

Verified:

Navin K. Sharma

Dated: 1/22/07

Gregory D. Ferguson
Attorney at Law
Law Offices of Gregory D. Ferguson, PC
1104 Main St., Ste. 216
Vancouver, WA 98660
Office Phone: 360-906-1167
Fax: 360-695-5800
greg@greg-ferguson.com
www.greg-ferguson.com

Scott C. G. Blankenship
Attorney at Law
The Blankenship Law Firm
1201 3rd Ave., Suite 2880
Seattle, WA 98101
Office Phone: (206) 343-2700
Fax: (206)-343-2704
sblankenship@blankenshiplawfirm.com
www.blankenshiplawfirm.com

22