UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NAVIN SHARMA,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF VANCOUVER, a Washington municipal corporation; PATRICK J. MC DONNELL, Vancouver City Manager; and MITCH BARKER, Acting Police Chief,<br><br>                Defendants. | CASE NO. C06-5688BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCLOSURE OF COMPUTATION OF DAMAGES |

      This matter comes before the Court on Defendants' Motion to Compel Disclosure of Computation of Damages (Dkt. 59). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons herein.

**I. BACKGROUND**

      The deadline for exchanging initial disclosures in this matter was March 19, 2007. Dkt. 4. Plaintiff provided initial disclosures on April 2, 2007, listing his claimed damages. Dkt. 59 at 2.

      Plaintiff's amended complaint alleges that he was subjected to discrimination on the basis of race in violation of 42 U.S.C. § 1981, the Fourteenth Amendment, and Washington's Law Against Discrimination, RCW 49.60 *et seq.* Dkt. 25. Plaintiff alleges that he has incurred four categories of damages: (1) lost back pay, wages, and benefits; (2) lost front pay, future wages,

ORDER – 1

1  and benefits; (3) other consequential damages such as medical expenses, litigation costs, and
2  attorneys' fees; and (4) emotional distress and anxiety and damage to professional reputation.
3  Dkt. 25 at 11.

4  After Plaintiff amended his complaint to include discrimination and retaliation claims,
5  Defendants' counsel requested supplementation of Plaintiff's initial disclosures. Dkt. 59 at 3.
6  Defendants received such supplementation by email but contend that the supplementation did not
7  include computation of medical expenses, general damages, or other damages. Dkt. 60-3, Exh. 2
8  at 6. Plaintiff did agree to provide copies of medical billings as evidence of his general damages,
9  however. *Id.*

10 Defendants then sought identification of all health care providers who evaluated Plaintiff
11 or provided treatment during the past ten years and production of all medical health records from
12 such providers. Dkt. 60-5, Exh. 4 at 12. Plaintiff objected to the requests as overly broad, outside
13 the scope of Federal Rule of Civil Procedure 26(b), and duplicative of a previous request. *Id.*
14 Plaintiff also objected that the requests were unduly duplicative and burdensome because
15 Plaintiff had already signed medical releases. *Id.* Defendants now move for an order compelling
16 Plaintiff to make the disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and
17 for sanctions. Dkt. 59.

## II. DISCUSSION

19 Under the Federal Rules of Civil Procedure, parties are required to disclose, without
20 awaiting a discovery request, the following:

> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

24 Fed. R. Civ. P. 26(a)(1)(A)(iii). This initial disclosure must be based upon information
25 reasonably available to the disclosing party at the time of the disclosure. Fed. R. Civ. P.
26 26(a)(1)(E). A party is not excused from its initial disclosure obligation merely because the party
27 has not yet fully investigated its case. *Id.* The disclosing party must also supplement its initial

ORDER – 2

disclosures pursuant to Federal Rule of Civil Procedure 26(e)(1). If a party fails to make its initial disclosures, any party may move to compel such disclosure. Fed. R. Civ. P. 37(a)(3)(A). The motion must be accompanied by a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). A good faith effort to confer requires a face-to-face meeting or a telephone conference. Local Rule CR 37(a)(2)(A).

To satisfy his initial disclosure obligations, Plaintiff has provided calculations of his back pay and front pay. Dkt. 60-3, Exh. 2. These computations are rather detailed, and Defendants do not contend that they are inadequate. Plaintiff fails to compute the damages claimed for medical expenses because the expert witness disclosures have not yet been made and Plaintiff has not yet received all requested documents from discovery. Dkt. 64 at 9. Initial disclosures are independent from the exchange of documents in discovery. While the Court appreciates that Plaintiff may not be able to state his medical damages with exact certainty at this juncture, he is required to provide a computation of his medical damages, based upon information reasonably known to him, and the evidentiary material on which such computation is based. If Plaintiff's computation of medical damages proves to be incomplete or inaccurate, Plaintiff must supplement his disclosure.

Plaintiff also refuses to compute the damages sought for his claimed emotional injuries and as punitive damages. Dkt. 64 at 5, 9. Plaintiff contends that he "is unable to predict what a jury may do at trial when awarding punitive damages" and "should not be required to divine what a jury might award and arbitrarily place a specific dollar value on the emotional distress damages he has and will continue to sustain." *Id.* While Plaintiff is not expected to predict how the jury will react to the evidence at trial, Plaintiff is required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii) to provide a computation of his damages and the evidentiary material supporting that computation and to supplement or correct his computation if it is incorrect or incomplete. *See* Fed. R. Civ. P. 26(e)(1).

ORDER – 3

Having concluded that Plaintiff's initial disclosures are deficient and that Plaintiff is required to provide damage computations and supporting evidentiary material, the Court turns to Defendants' request for $2,500 in fees associated with the discovery dispute. In light of Plaintiff's counsel's good faith belief that computation of the damages sought would be premature and uncertain, the Court declines to award fees. *See* Fed. R. Civ. P. 37(a)(5)(A). However, the Court reminds Plaintiff's counsel that they are under an obligation to know and comply with the Federal Rules of Civil Procedure, and that ignorance alone will not justify the avoidance of sanctions for failure to comply with such rules in the future.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Compel Disclosure of Computation of Damages (Dkt. 59) is **GRANTED in part** and **DENIED in part**. Plaintiff shall forthwith provide Defendants with a computation of each category of damages he claims and make available for inspection and copying the evidentiary material on which such computation is based, in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

DATED this 13th day of December, 2007.

BENJAMIN H. SETTLE
United States District Judge