Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

NAVIN SHARMA,

        Plaintiffs,

    vs.

CITY OF VANCOUVER, a Washington municipal corporation, VANCOUVER CITY MANAGER PATRICK J. MCDONNELL, and ACTING POLICE CHIEF MITCH BARKER,

        Defendants.

CITY OF VANCOUVER, a Washington municipal corporation, and ACTING POLICE CHIEF MITCH BARKER,

        Counterclaimants,

    vs.

NAVIN SHARMA,

        Counterdefendant.

No. C06-5688BHS

DECLARATION OF TED H. GATHE RE: DEFENDANTS' MOTION TO QUASH AND/OR ISSUE PROTECTIVE ORDER

TED H. GATHE states and declares as follows:

1.    I am over the age of 18 years and am competent to testify.  I am currently the City Attorney for Vancouver, Washington.  I was appointed Vancouver City Attorney by the City Council in 1994.  I make this declaration on my own personal knowledge.

DECL. OF T. GATHE - 1
(W.D. Wash. Cause No. C06-5688BHS)

2.      Pursuant to the Vancouver City Charter, my office is charged with various duties, one of which is "to represent the city in all litigation in which it is interested." In July 2006 my office became aware that a Vancouver Police Department Commander reported some alleged misconduct by then Assistant Chief Mitch Barker. The allegation was that Chief Barker had received copies of interview questions via e-mail attachment that were to be asked of the prospective Assistant Chief candidate when Chief Barker interviewed for the position in 2003. There was no allegation (nor evidence as it turned out) that Chief Barker actually read the attachment that purportedly contained the interview questions. The specific act of misconduct alleged against Chief Barker was that he did not timely report the fact that he had received the e-mail.

3.      At the time, then police chief Brian Martinek was preparing to leave office. Assistant Chief Barker was to be the Acting Chief while the City found a replacement, and the commander who reported this incident was seeking to be the Acting Assistant Chief. This commander believed that after reporting the alleged misconduct to Chief Martinek that this commander might be retaliated against or might would not get the Acting Assistant Chief position.

4.      When my office learned that this commander was complaining in this manner, we reasonably believed that there was the real potential for a whistleblower/retaliation complaint that could result in litigation against the City. As such, my office took on the investigation preparing for possible litigation and hired Glen Maxwell and Associates, a local private investigator, to examine the allegations. Though litigation never actually occurred, we believed that possibility was real at the time. Preparation for potential litigation was the primary purpose of the investigation.

5.      Documents were gathered at Mr. Maxwell's request and sent to him on August

DECL. OF T. GATHE - 2
(W.D. Wash. Cause No. C06-5688BHS)

17, 2006, as privileged communications, at which point he began his investigation. Debra Quinn, an Assistant City Attorney in this office, also took notes on the matter.

6.    On or about September 5, 2006, Mr. Maxwell sent a 32-page report to me clearly marked "Attorney-Client Privileged Communication," with his findings. This report was shared with the client, namely City Manager Pat McDonnell. Though litigation preparation was the primary purpose of the investigation, Mr. McDonnell used the report in part to issue a written reprimand to Chief Barker.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this ___/7 ᵗʰ___ day of March, 2008, in Vancouver, Washington.

_____
TED H. GATHE

DECL. OF T. GATHE - 3
(W.D. Wash. Cause No. C06-5688BHS)

TED H. GATHE
CITY ATTORNEY
210 E. 13ᵗʰ STREET
VANCOUVER, WA 98668
Tel: (360) 696-8251 * Fax: (360) 696-8250