UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NAVIN SHARMA,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF VANCOUVER, a Washington municipal corporation; PATRICK J. MC DONNELL, Vancouver City Manager; and MITCH BARKER, Acting Police Chief,<br><br>        Defendants. | CASE NO. C06-5688BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE IMPROPERLY DISCLOSED OR NON-DISCLOSED EXPERT WITNESSES, DENYING DEFENDANTS' MOTION FOR ORDER COMPELLING RULE 35 EXAMINATION OF PLAINTIFF, AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE DISCOVERY RELATED MOTION AND MOTION TO AMEND RESPONSE TO REQUEST FOR ADMISSION |

    This matter comes before the Court on Defendants' Motion to Exclude Improperly Disclosed or Non-Disclosed Expert Witnesses (Dkt. 101), Defendants' Motion for Order Compelling Rule 35 Examination of Plaintiff (Dkt. 104), and Defendant's Motion for Leave to File Discovery Related Motion and Motion to Amend Response to Request for Admission (Dkt. 106). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

ORDER - 1

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the amended complaint, Plaintiff Navin Sharma's employment with the City of Vancouver was terminated on December 21, 2006. Dkt. 25 at 7. On October 26, 2006, the defendants authorized employees of the City of Vancouver to recommend that criminal charges be filed against Mr. Sharma. *Id.* Mr. Sharma alleges the following causes of action: (1) 42 U.S.C. § 1981, (2) 42 U.S.C. § 1983, and (3) violation of the Washington Law Against Discrimination, RCW 49.60. *Id.* at 10. Plaintiff seeks damages for emotional distress and anxiety. *Id.* at 11.

## II. DISCUSSION

Three discovery motions are currently pending before the Court and ripe for decision. First, Defendants seek to exclude any expert that Plaintiff has not disclosed and to exclude Plaintiff's rebuttal experts from testifying during Plaintiff's case-in-chief. Dkt. 101. Second, Defendants seek to compel Plaintiff to undergo a psychological examination. Dkt. 104. Third, Defendants seek leave to amend their response to Request for Admission Number 56. Dkt. 106.

### A. DEFENDANTS' MOTION TO EXCLUDE IMPROPERLY DISCLOSED OR NON-DISCLOSED EXPERT WITNESSES

Defendants seek to exclude any expert witnesses that Plaintiff may identify in the future because the deadline for disclosing expert witnesses has passed. Defendants also seek to limit Plaintiff's rebuttal experts to providing only rebuttal testimony at trial.

Federal Rule of Civil Procedure 26(a)(2) requires the disclosure of witnesses who may be called to offer expert testimony at trial and a written report containing the witness' opinions and identifying supporting materials. *See* Fed. R. Civ. P. 26(a)(2). Absent a stipulation or court order, expert witness disclosures are due at least 90 days before the trial date. Fed. R. Civ. P. 37(2)(C).

If a party fails to make a timely disclosure under Rule 26, the party may be sanctioned pursuant to Federal Rule of Civil Procedure 37, which provides in part as follows:

ORDER - 2

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Federal Rule of Civil Procedure 37(c)(1) gives "teeth" to the disclosure requirements of Rule 26(a) by forbidding use at trial of any information not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Id.* To determine whether sanctions are appropriate, the Ninth Circuit considers the following: 1) the public interest in an expeditious resolution of the litigation; 2) the court's need to manage its docket; 3) the risk of prejudice; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less severe sanctions. *Wendt v. Host Intern., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

### 1. Undisclosed Experts

In this case, the deadline for disclosing expert witnesses was April 7, 2008, and the deadline for disclosing rebuttal expert witnesses was May 7, 2008. Dkt. 57. With respect to any experts that Plaintiff has not yet disclosed, the Court declines to issue an advisory ruling as to whether Plaintiff would be permitted to offer the testimony of such experts or whether the Court would grant leave to identify experts after the May 7, 2008, deadline. In this respect, Defendants' Motion to Exclude Improperly Disclosed or Non-Disclosed Expert Witnesses (Dkt. 101) is denied.

### 2. Rebuttal Experts

Plaintiff designated Michael Stone and Richard Ross solely as rebuttal experts. Dkt. 109-3, Exh. I at 22. By virtue of Plaintiff's designation of these experts solely as

ORDER - 3

rebuttal experts, Plaintiff has limited these experts to rebuttal testimony. As a result, Plaintiff's experts may offer testimony "intended solely to contradict or rebut evidence on the same subject matter identified" in the expert report of another party. *See* Fed. R. Civ. P. 26(a)(2)(C)(ii).

Courts differ in allowing rebuttal experts to testify during a case-in-chief. *See Bowers v. Northern Telecom, Inc.*, 905 F. Supp. 1004, 1008 (N.D.Fla. 1995) ("Merely because the parties labeled this evidence 'rebuttal' during the discovery process does not preclude Plaintiffs from using it in their case-in-chief at trial. Indeed, Plaintiffs may call [Defendant's] own witnesses during their case-in-chief if they so desire."); *Bowman v. General Motors Corp.*, 427 F. Supp. 234, 241 (D.C. Pa. 1977) ("there is unanimous agreement that on rebuttal it is properly within the discretion of the trial judge to limit testimony to that which is precisely directed to rebutting new matter or new theories presented by the defendant's case-in-chief"). Until and unless Defendants' experts testify, Plaintiff's experts will be unable, as a practical matter, to truly rebut such testimony. Therefore, Plaintiff's rebuttal experts will be allowed to testify at trial only *after* Defendants' experts have testified. In this respect, Defendants' Motion to Exclude Improperly Disclosed or Non-Disclosed Expert Witnesses (Dkt. 101) is granted.

**B.  DEFENDANTS' MOTION FOR ORDER COMPELLING RULE 35 EXAMINATION OF PLAINTIFF**

Federal Rule of Civil Procedure 35 governs physical and mental examinations and provides in part as follows:

> (a) Order for an Examination.
> (1) In General. The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
> (2) Motion and Notice; Contents of the Order. The order:
> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

ORDER - 4

Fed. R. Civ. P. 35. Five criteria must be satisfied: (1) the mental condition of a party must be in controversy; (2) the proffered examiner must be suitably licensed or certified; (3) there must be good cause; (4) all parties and the person to be examined must receive notice; and (5) the order must specify the examiner and the time, place, manner, conditions, and scope of the examination. This rule "requires discriminating application" by the Court and requires the moving party to satisfy both the "in controversy" and the "good cause" requirements of Rule 35. *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). These requirements are "necessarily related." *Id.* at 119. The Supreme Court has recognized, however, that the pleadings alone may establish both requirements, as in the case of a plaintiff who asserts a medical or physical injury. *Id.* ("[T]here are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff . . . who asserts mental or physical injury, [citation omitted] places that . . . injury clearly in controversy and provides . . . good cause for an examination to determine the existence and extent of such asserted injury.").

In this case, the parties dispute only whether there is a good cause for Plaintiff to undergo a mental examination and whether Defendants' request is timely. Because Plaintiff seeks emotional distress damages and continues to incur such damages as this litigation progresses, the Court concludes that Defendants should be permitted to explore the nature and extent of such damages.

Plaintiff contends that Defendants' request is untimely because the deadline for disclosing experts has passed, and the results of a Rule 35 examination of Plaintiff must necessarily be presented through expert testimony. As Plaintiff admits, Rule 35 does not impose a deadline for conducting mental examinations. The Court is not persuaded that the deadline for conducting Rule 35 examinations is governed by the deadline for disclosing expert testimony. Notably, the deadline for disclosing expert witnesses precedes the deadline for completing discovery. It is foreseeable that later developments in discovery may have some bearing on an expert witness' expected testimony.

ORDER - 5

Accordingly, expert witnesses are required to supplement information contained in their expert reports and information given during depositions. Fed. R. Civ. P. 26(e)(2).

Plaintiff's objection to the timeliness of the request is well taken, however. Allowing a mental examination at this juncture would frustrate the purpose behind the scheduling deadlines in this matter and would impede the orderly progression of the case. For example, Defendants propose that Plaintiff undergo a mental examination after the discovery deadline has passed and permit Plaintiff to depose the examiner after the deadline for filing dispositive motions has passed.

Moreover, the Court is concerned that permitting the examination at this juncture would frustrate the Court's purpose in setting a deadline for disclosure of rebuttal experts. On May 7, 2008, Defendants identified Jack M. Litman, Ph.D., as a rebuttal expert to Suzanne Best, Ph.D., Plaintiff's psychologist. Dkt. 105, Exh. 2 at 25. Dr. Litman's report in rebuttal to Dr. Best is as follows:

> I understand that you asked me to determine from the information supplied whether Officer Sharma's current diagnosis of Adjustment Disorder with anxiety and depression by Dr. Suzanne Best is the result from the 9/20/2006 termination of his employment from the Vancouver Police Department. I told you that I could not make that decision, and hence offer an opinion, without a direct opportunity to examine and test Mr. Sharma. I also told you that I believed I had received and reviewed Dr. Best's "public" therapy notes, as I was unable to find an initial interview with subsequent symptoms and their relationship to his history, or a treatment plan with clear goals and objectives. I believed that such was likely contained in her private therapy notes and did not know whether that was obtainable under HIPAA guidelines. Further, I had questions about whether Dr. Best had informed Mr. Sharma about the limitations of psychotherapy with ongoing litigation, whether other medications were tried when the antidepressant medication he was taking was not reported successful, and whether other approved therapies were considered, such as Eye Movement Desensitization Reprocessing (EMDR), or even micro-electric current (Alpha-Stim) when treatment appeared to stall or plateau.
>
> Finally, though answers to the above would be quite helpful, I believe that a reasonable evaluation of the impact of Mr. Sharma's termination could only be achieved with a neutral third party psychological evaluation.

Dkt. 105, Exh. 2 at 22-23. Because Dr. Litman's expert report is primarily an expression of Dr. Litman's inability or reluctance to state an opinion, allowing Dr. Litman to

ORDER - 6

examine Plaintiff and then "supplement" his report would undermine the Court's deadline for disclosing rebuttal witnesses. The Court therefore concludes that Defendants fail to demonstrate good cause for conducting a Rule 35 examination at this juncture. Accordingly, Defendants' Motion for Order Compelling Rule 35 Examination of Plaintiff (Dkt. 104) is denied.

**C.   DEFENDANTS' MOTION FOR LEAVE TO FILE DISCOVERY RELATED MOTION AND MOTION TO AMEND RESPONSE TO REQUEST FOR ADMISSION**

While a matter admitted under Federal Rule of Civil Procedure 36 is "conclusively established," an admission may be amended or withdrawn under certain circumstances:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). The rule is permissive, and the Court has discretion to amend or withdraw an admission if "(1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007). In applying these considerations, the Court is mindful that admissions serve to facilitate proof regarding issues that cannot be eliminated from the case, to narrow the issues, and not to harass the opposing party in the hopes of obtaining concessions of essential elements. *Id.* at 622.

In this case, Defendants seek leave of court to amend their response to the following request for admission:

> **REQUEST FOR ADMISSION NO. 56:** With the exception of IA 2006-061, Plaintiff SHARMA had never been the subject of an Internal Affairs investigation during his entire period of employment with Defendant CITY OF VANCOUVER.

Dkt. 107, Exh. 1 at 6. Defendants seek leave to amend their admission, contending that Plaintiff was the subject of two internal affairs investigations identified as 2005-02 and 2004-71.

Plaintiff opposes Defendants' request. Plaintiff contends that his proffered expert, D.P. Van Blaricom, relied on the admission. *See* Dkt. 113, Exh. 1 at 5 ("Based on my training, experience, and a careful evaluation of the totality of circumstances in this matter, it is my considered opinion that the following facts are uncontroverted in the record: . . . [P]laintiff has never been the subject of an internal investigation or subjected to any formal discipline."); *see also* Dkt. 109-2, Exh. D at 6 ("He had never been previously disciplined."). Plaintiff also contends that another proffered expert reviewed the Van Blaricom report. *See* Dkt. 113, Exh. 2 at 6.

Investigation 2005-02 regarded an allegation that Plaintiff harassed a former Vancouver Police Department officer by conducting a registration check. Dkt. 107, Exh. 2. Investigation 2005-02 resulted in a disposition of "unfounded." *Id.* at 13. Documents regarding this investigation were produced by Plaintiff in response to Defendants' discovery requests. Dkt. 107 at 2. Investigation 2004-71 concerned a collision while Plaintiff was driving a patrol vehicle. Dkt. 107, Exh. 3. Plaintiff received supervisory counseling as a result of this investigation. *Id.* at 31. In March of 2008, Defendants produced documents regarding this investigation. Dkt. 107. Defendants contend that Plaintiff has had access to the documents since August of 2007. *Id.*

The Court finds that declining to allow amendment of Defendants' admission would likely hamper the presentation of this matter on its merits. For example, Plaintiff impliedly concedes that the investigations have some bearing on the parties' presentation of the merits of the case. *See* Dkt. 112 at 6 ("Officer Sharma's exemplary performance record is highly probative.").

The Court also concludes that granting the motion would not prejudice Plaintiff. With respect to the 2005 investigation, the Court finds no prejudice because documents

ORDER - 8

contradicting the admission were in Plaintiff's possession and were produced by Plaintiff in discovery. Moreover, the Court has reviewed Plaintiff's proffered experts' reports, and it does not appear that the reports were made in reliance upon Defendants' admission. To the extent that the expert opinions would differ if not for the admission, this minimal risk of prejudice can be addressed through supplementation of the expert reports.

Plaintiff requests $3,500 "in order to alleviate the financial prejudice that will result." Dkt. 112 at 7. Having found that any prejudice can be remedied through supplementation of Plaintiff's expert reports and absent evidence of the financial burden associated with supplementation, the Court declines to award sanctions at this juncture.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Exclude Improperly Disclosed or Non-Disclosed Expert Witnesses (Dkt. 101) is **GRANTED in part** and **DENIED in part** as provided herein; Defendants' Motion for Order Compelling Rule 35 Examination of Plaintiff (Dkt. 104) is **DENIED**; and Defendant's Motion for Leave to File Discovery Related Motion and Motion to Amend Response to Request for Admission (Dkt. 106) is **GRANTED**.

DATED this 17th day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge